■ BRIAN EZEQUIEL VELASQUEZ et al., Appellants, v DEBORAH DUPREY-MURPHY et al., Respondents, et al., Defendants. [848 NYS2d 539]—In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated November 22, 2006, as denied that branch of their motion which was pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim on behalf of the infant plaintiff Brian Ezequiel Velasquez upon the County of Suffolk and, sua sponte, dismissed the action insofar as asserted against the defendants Deborah Duprey-Murphy and Marjorie Ashton.

Ordered that on the court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the action insofar as asserted against the defendants Deborah Duprey-Murphy and Marjorie Ashton is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiffs payable by the

defendants Deborah Duprey-Murphy and Marjorie Ashton, that branch of the motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff upon the County of Suffolk is dismissed, and the action insofar as asserted against the defendants Deborah Duprey-Murphy and Marjorie Ashton is reinstated.

The County of Suffolk was not named as a defendant nor was it given notice of the plaintiffs' motion, inter alia, pursuant to General Municipal Law § 50-e to serve a late notice of claim upon it. Therefore, that branch of the plaintiffs' motion which was for leave to serve the late notice of claim was not properly before the Supreme Court and should not have been considered.

Additionally, there is no basis in this record for the court's sua sponte dismissal of the action insofar as asserted against the defendant doctors.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Crane, J.P., Florio, Lifson and Carni, JJ., concur.